■ JOANNA HELLER, Respondent, v. RICHARD F. HELLER, Appellant.— Order entered January 21, 1969, modified on the facts and the law by striking therefrom the provision granting plaintiff wife permission to apply for additional counsel fees at the trial of this separation action and otherwise affirmed, without costs or disbursements. We deem the allowance granted by Special Term to be adequate under the circumstances of this case. Concur — Capozzoli, J. P., McGivern, Nunez, Steuer and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD FERNANDEZ, Appellant.— Appeal from a judgment rendered on October 26, 1967, convicting defendant, after a plea of guilty, of the crime of robbery in the third degree and sentencing him, as a second felony offender, to a term of from 10 to 15 years in State Prison. Trial Term, after explaining to appellant the meaning of robbery in the third degree, stated as follows: "If you take the plea, it is the same as being convicted after trial. It is a conviction for a felony. If you have had other felony convictions, then this would constitute a second felony conviction, and a certain mandatory minimum sentence must be imposed. If you take the plea, the plea covers all the charges in this indictment. I am sure your lawyer has explained all that to you." On this appeal appellant argues that this advice did not meet the requirement of section 335-c of the Code of Criminal Procedure that the court shall "inform" him that, if he has been previously convicted, he will be subject to different or additional punishment. Whether or not the warning given by the court below was effective depends upon defendant's understanding of the language employed by the court when he entered his plea. (*People ex rel. Johnson* v. *La Vallee*, 18 N Y 2d 911; *People* v. *Pagliaccetti*, 31 A D 2d 150.) Under the circumstances disclosed, this matter is remanded for a hearing at which there shall be determined as a fact the defendant's comprehension of the admonition given to him by the court at the time of the entry of the plea of guilty to robbery in the third degree. Final determination of this appeal is held in abeyance pending the results of such hearing. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.